NEW YORK BUTTON WORKS v. CRESCENT BUTTON CO. et al.

(Circuit Court, S. D. New York. September 19, 1910.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction, restraining infringement of a patent, will not be granted, although the patent has been sustained in a prior suit, which does not clearly appear to have been contested, and where on its face, as well as on the showing made, its validity appears doubtful.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by the New York Button Works against the Crescent Button Company and others. On motion for preliminary injunction. Denied.

Kenyon & Kenyon, for complainant.
Paul Gross, for defendants.

HOLT, District Judge. It is at least doubtful on these papers whether the decree against Liberman was anything more than a consent decree. Therefore a clear case for a preliminary injunction must be made out. I think that in view of the affidavits put in by the defendants, particularly those of Hornich and Menkin, who seem disinterested witnesses, in which it is asserted that similar buttons were made and sold long before the patent was applied for, it would be improper to issue a preliminary injunction in this case.

Moreover, I think that a question may be raised on the trial whether this button is the subject of a design patent. A design patent is based on the idea of beauty or ornamentation. I do not understand that the mere shape of a useful article, or a pleasing appearance caused by the use of a handsome material in its manufacture, is a subject of a design patent. This is a good-looking button; but it has no ornamentation, and its fundamental purpose is utility. If a valid design patent can be taken out for this button, I do not see why one could not be taken out for every different kind of well-made button.

But, at all events, on the proof tending to show prior use in the papers submitted, I think the motion should be denied.